**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

NICHOLAS KYLE MARTINO,

               Petitioner,

    v.

UNITED STATES OF AMERICA,

               Respondent.

1:21-cv-0037 (NLH)

**MEMORANDUM OPINION & ORDER**

---

**APPEARANCES**:

Nicholas Kyle Martino
106 B Hurffville-Grenloch Road
Sewell, NJ 08080

    Petitioner pro se

**HILLMAN**, District Judge

    WHEREAS, Petitioner Nicholas Kyle Martino filed a motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255, see ECF No. 1; and

    WHEREAS, the Court issued a notice and order advising Petitioner of his rights under United States v. Miller, 197 F.3d 644 (3d Cir. 1999), ECF No. 5; and

    WHEREAS, Petitioner having stated that he wishes to proceed with his § 2255 motion as filed, ECF No. 6; and

    WHEREAS, Petitioner seeks the appointment of counsel and discovery, id.; and

WHEREAS, there is no right to counsel in post-conviction proceedings.  See Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), superseded on other grounds by statute, 28 U.S.C. § 2254. However, 18 U.S.C. § 3006A(a)(2)(B) provides that the court has discretion to appoint counsel where "the court determines that the interests of justice so require . . . ."; and

WHEREAS, in Reese, the Third Circuit explained that in determining whether counsel should be appointed, a court "must first decide if petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court.  Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims."  Reese, 946 F.2d at 263-64; and

WHEREAS, the Court denies the motion for counsel without prejudice.  The Court finds it is not in the interests of justice to appoint counsel at this time because the issues involved in this case do not appear overly complex; and

WHEREAS, Rule 6 of the Rules Governing Section 2255 Cases states that "[a] party requesting discovery must provide reasons for the request.  The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents."  28 U.S.C. § 2255 Rule 6(b).  Petitioner has not identified what discovery is requested or stated why

discovery is necessary.  The request for discovery is denied
without prejudice,

    THEREFORE, IT IS on this __4th__ day of <u>March</u>, 2021

    ORDERED that Petitioner's motion for the appointment of
counsel and for discovery is denied; and it is further

    ORDERED that within forty-five (45) days of the date of the
entry of this Order, the United States shall electronically file
and serve an answer to the § 2255 Motion; and it is further

    ORDERED that the answer shall respond to the allegations
and grounds of the Motion and shall adhere to Rule 5 of the
Rules Governing Section 2255 Proceedings; and it is further

    ORDERED that the answer shall address the merits of each
claim raised in the Motion as well as whether the Motion is
timely; and it is further

    ORDERED that the answer shall contain an index of exhibits;
and it is further

    ORDERED that if the answer refers to briefs or transcripts,
orders, and other documents from prior proceedings, then the
United States shall serve and file them with the answer; and it
is further

    ORDERED that Petitioner may serve and file a reply to the
answer within forty-five (45) days after the answer is filed;
and it is further

    ORDERED that any request to deviate from this Order to

Answer shall be made by motion; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order on Petitioner by regular first-class mail.

                                    s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.

4