```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
NICHOLAS KYLE MARTINO,              :
                                    :
          Petitioner,               :    Civ. No. 21-0037 (NLH)
                                    :
     v.                             :    OPINION
                                    :
UNITED STATES OF AMERICA,           :
                                    :
          Respondent.               :
_____ :
```

APPEARANCES:

Nicholas Kyle Martino
106 B Hurffville-Grenloch Road
Sewell, NJ 08080

    Petitioner Pro se

Rachael A. Honig, Acting United States Attorney
Sara Aliya Aliabadi, Assistant United States Attorney
Office of the U.S. Attorney
401 Market Street
4th Floor
P.O. Box 2098
Camden, NJ 08101

    Counsel for Respondent

HILLMAN, District Judge

    Petitioner Nicholas Martino moves for reconsideration of this Court's order denying his request for discovery and the appointment of counsel. ECF No. 9. For the reasons that follow, the motion for reconsideration will be denied.

I.  BACKGROUND

   Petitioner filed a motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255 on January 4, 2021. ECF No. 1.  The Court administratively terminated the motion as it was not on the Clerk's form for § 2255 proceedings.  ECF No. 2; Local Civ. R. 81.2(a).  Petitioner submitted a response refusing to complete the Clerk's form.  ECF No. 4.  The Court thereafter issued a notice and order under United States v. Miller, 197 F.3d 644 (3d Cir. 1999), ECF No. 5, and Petitioner responded that he wanted his pleading to be ruled on as filed, ECF No. 6.

   The Court screened the motion under Habeas Rule 4 and concluded that an answer from the United States was warranted. ECF No. 8.  The Court declined to appoint an attorney "because the issues involved in this case do not appear overly complex." Id. at 2.  The Court further denied a request for discovery under Habeas Rule 6 because Petitioner had not identified what discovery was requested or why it was necessary.  Id. at 2-3.

   Petitioner requests reconsideration of the denial of discovery and appointment of counsel.  ECF No. 9.  He asserts the Court overlooked his discovery requests and made contradictory conclusions when considering the appointment of

2

counsel.  Id.  The United States has not filed any opposition to the motion.[1]

II.  STANDARD OF REVIEW

"Motions for reconsideration exist to 'correct manifest errors of law or fact or to present newly discovered evidence.'" Mid-Am. Salt, LLC v. Morris Cty. Coop. Pricing Council, 964 F.3d 218, 230 (3d Cir. 2020) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).  A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Johnson v. Diamond State Port Corp., 50 F. App'x 554, 560 (3d Cir. 2002) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

III. ANALYSIS

Rule 6 of the Rules Governing Section 2255 Cases states that "[a] party requesting discovery must provide reasons for the request.  The request must also include any proposed interrogatories and requests for admission, and must specify any

---

[1] The United States mentioned the motion for reconsideration in its request for an extension of time to answer but did not address the merits of the motion.  ECF No. 10.

requested documents." 28 U.S.C. § 2255 Rule 6(b). Petitioner argues the Court erred in denying his request for discovery because he did include the required information in his submissions.

Despite Petitioner's assertions to the contrary, his original submissions do not include any motion for discovery. The original submission, Docket Entry 1, consists of 27 pages and 1 scanned envelope. Page 1 is a cover letter addressed to the Clerk. Petitioner's § 2255 motion covers pages 2-13. The motion contains the case history, argument of compliance with § 2255, claims, conclusion and prayer for relief, and partial waiver of the attorney-client privilege. No request for discovery is included in the motion. Page 14 is a certificate of service, and Petitioner's memorandum of law covers pages 15-26. The final page is another certificate of service. There is no request for discovery anywhere in Docket Entry 1.

The Court addressed the requests for discovery and counsel in its order to answer as Petitioner mentioned them in his response to the Miller order. ECF No. 6. However, no formal motions or informal request for discovery were received by the Court beyond the cursory mention in Petitioner's letters. As the Court did not overlook a request for discovery, the motion for reconsideration shall be denied.

4

Petitioner further asserts the Court made contradictory findings when addressing the request for counsel.  This is a disagreement with the Court's decision that is not appropriate for a motion for reconsideration.[2]  See United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

IV. CONCLUSION

For the foregoing reasons, Petitioner's motion for reconsideration shall be denied.  An appropriate order will be entered.


Dated: April 23, 2021           s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

---

[2] Both denials were without prejudice, meaning Petitioner may request counsel and discovery again by filing formal motions that address the identified factors.

5