```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                   :
NICHOLAS KYLE MARTINO,             :
                                   :
          Petitioner,              :    Civ. No. 21-0037 (NLH)
                                   :
     v.                            :    OPINION
                                   :
UNITED STATES OF AMERICA,          :
                                   :
          Respondent.              :
_____:
```

APPEARANCES:

Nicholas Kyle Martino
106 B Hurffville-Grenloch Road
Sewell, NJ 08080

    Petitioner Pro se

Rachael A. Honig, Acting United States Attorney
Sara Aliya Aliabadi, Assistant United States Attorney
Office of the U.S. Attorney
401 Market Street
4th Floor
P.O. Box 2098
Camden, NJ 08101

    Counsel for Respondent

HILLMAN, District Judge

    Petitioner Nicholas Martino moves for reconsideration of this Court's order granting the United States an extension of time to file its answer, ECF No. 15, and for sanctions against the United States, ECF No. 14. For the reasons that follow, the motions will be denied.

I.  BACKGROUND

Petitioner filed a motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255 on January 4, 2021. ECF No. 1.  The Court administratively terminated the motion as it was not on the Clerk's form for § 2255 proceedings.  ECF No. 2; Local Civ. R. 81.2(a).  Petitioner submitted a response refusing to complete the Clerk's form.  ECF No. 4.  The Court thereafter issued a notice and order under United States v. Miller, 197 F.3d 644 (3d Cir. 1999), ECF No. 5, and Petitioner responded that he wanted his pleading to be ruled on as filed, ECF No. 6.

The Court screened the motion under Habeas Rule 4 and concluded that an answer from the United States was warranted. ECF No. 8.  The order directed the United States to file its answer within 45 days and stated that any request to deviate from the order should be made by motion.  Id.  Petitioner filed a motion for reconsideration of that order to the extent it denied him discovery and the appointment of counsel.  ECF No. 9.[1] On March 17, 2021, the United States filed a letter requesting a 60-day extension to file its answer.  ECF No. 10.  The Court signed an order on Friday, March 19 granting the extension, and the order was docketed on Monday, March 22.  ECF No. 11.  The

---

[1] This motion was denied by the Court on April 23, 2021.  ECF No. 17.

Clerk's Office also received and docketed Petitioner's objection to the United States' extension request on March 22.  ECF No. 12.

Petitioner subsequently filed a motion for sanctions against the United States asserting that it failed to file a motion as ordered by the Court.  ECF No. 14 at 2-3.  He also argued that his pending motion for reconsideration, which the United States mentioned in a footnote, raised "issues that do not relate to the merits of his pleading" and "does not allow the Government to attempt to procrastinate with its duties to this Court and the Constitution."  Id. at 4.  He asserted the order granting the extension violated his due process rights because he did not receive the United States' request in the mail until March 19, the same day the Court signed the order. Id. at 5.

Petitioner subsequently filed a motion for reconsideration of the order granting the extension.  ECF No. 15.  He asserts the Court overlooked the contents of its order requiring the United States to file a motion requesting an extension.  Id. The United States has not filed any opposition to either motion.

II.  STANDARD OF REVIEW

"Motions for reconsideration exist to 'correct manifest errors of law or fact or to present newly discovered evidence.'" Mid-Am. Salt, LLC v. Morris Cty. Coop. Pricing Council, 964 F.3d

3

218, 230 (3d Cir. 2020) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Johnson v. Diamond State Port Corp., 50 F. App'x 554, 560 (3d Cir. 2002) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

Federal Rule of Civil Procedure 11 imposes certain obligations on attorneys and unrepresented parties in their filings with the Court. Fed. R. Civ. P. 11(b). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

III. ANALYSIS

The Court will deny the motion for reconsideration as Petitioner has not set forth a valid basis for reconsideration. Petitioner's argument is essentially a disagreement with the Court's decision; the Court is aware of the contents of its orders and did not "overlook" it. "[D]istrict courts have wide

4

discretion in the management of their cases." United States v. Wecht, 484 F.3d 194, 217 (3d Cir. 2007), as amended (July 2, 2007); see also Yakowicz v. Pennsylvania, 683 F.2d 778, 784 (3d Cir. 1982) (referring to the "broad powers with respect to timing and other considerations that [the district court] has generally in the management of the cases before it as they proceed through the various stages before and during trial"). Petitioner's disagreement with how the Court exercised that discretion is not appropriate for a motion for reconsideration. See United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

The Court will also deny the motion for sanctions. Rule 11 sanctions are "intended to be used only in 'exceptional' circumstances." Ferreri v. Fox, Rothschild, O'Brien & Frankel, 690 F. Supp. 400, 405 (E.D. Pa. 1988). The Court has reviewed the United States' filing and Petitioner's motion and finds that sanctions are not warranted. Fed. R. Civ. P. 11. Petitioner's motion shall be denied.

IV. CONCLUSION

For the foregoing reasons, Petitioner's motion for reconsideration and motion for sanctions shall be denied. An appropriate order will be entered.

Dated: May 7, 2021                       s/ Noel L. Hillman
At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.