**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **Nicholas Kyle Martino,**<br>**Petitioner** | **Hon. Noel L. Hillman** |
| **v.** | **Case No. 1:21-cv-00037 (NLH)** |
| **United States of America**<br>**Respondent** | |

### RESPONSE OF THE UNITED STATES IN OPPOSITION TO PETITIONER NICHOLAS KYLE MARTINO'S PETITION FOR RELIEF UNDER 28 U.S.C. § 2255

The United States of America, by its attorneys, Rachael A. Honig, Acting United States Attorney (Alisa Shver, Assistant United States Attorney, appearing), moves this Court for an order dismissing the petition filed in this matter under 28 U.S.C. § 2255.  The grounds in support of this motion are set forth in the accompanying Memorandum of Law.

Respectfully submitted,

RACHAEL A. HONIG
Acting United States Attorney

_____
By: Alisa Shver
Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICHOLAS KYLE MARTINO,<br>Petitioner<br><br>v.<br><br>UNITED STATES OF AMERICA<br>Respondent | Hon. Noel L. Hillman<br><br><br>Case No. 1:21-cv-00037 (NLH) |

**UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF ITS
OPPOSITION TO PETITIONER NICHOLAS KYLE MARTINO'S
<u>PETITION FOR RELIEF UNDER 28 U.S.C. § 2255</u>**

Rachael A. Honig
Acting United States Attorney
970 Broad Street
Newark, New Jersey 07102


On the Memorandum:

Alisa Shver
Assistant United States Attorney
Federal Building and U.S. Courthouse
401 Market Street, 4th Floor
Camden, New Jersey 08101

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................................3

I.    PRELIMINARY STATEMENT .................................................................................................4

II.    STATEMENT OF FACTS .......................................................................................................5

III.    LEGAL ARGUMENT ............................................................................................................5

    A.   Counsel Was Not Ineffective At VOP Sentencing ..............................................................5

    B.   Counsel Was Not Ineffective On Appeal and Petitioner's Claim Regarding His Computer-Use Restrictions Is Meritless ...............................................................................................................9

    C.   A Certificate of Appealability Should Not Be Issued In This Case .......................................13

IV.    CONCLUSION .....................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Baker v. Barbo*, 177 F.3d 149, 154 (3d Cir. 1999)..................................................................7

*Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996)........................................................6

*Frey v. Fulcomer*, 974 F.2d 348, 358 (3d Cir. 1992) ................................................................7

*Gov't of the Virgin Islands v. Weatherwax*, 77 F.3d 1425, 1433 (3d Cir.1996).......................7

*Gray v. Greer,* 800 F.2d 644, 646 (7th Cir.1986)......................................................................9

*Jones v. Barnes*, 463 U.S. 745, 751 (1983) ...............................................................................7

*Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986) ..................................................................7

*Michael v. Louisiana*, 350 U.S. 91, 101 (1951)........................................................................6

*Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) ....................................................................13

*Smith v. Murray,* 477 U.S. 527, 535–36 (1986) ........................................................................9

*Smith v. Robbins,* 528 U.S. 259, 285 (2000) .............................................................................9

*Strickland v. Washington*, 466 U.S. 668, 687 (1984) ......................................................6, 7, 8, 9

*United States v. Cross*, 308 F.3d 308, 315 (3d Cir. 2002).........................................................9

*United States v. Gray*, 878 F.2d 702, 710 (3d Cir. 1989)..........................................................6

*United States v. Heckman*, 592 F.3d 400, 405 (3d Cir. 2010) ..................................................12

*United States v. Holena*, 906 F.3d 288, 292 (3d Cir. 2018) .................................................10, 11

*United States v. Loy*, 191 F.3d 360, 371 (3d Cir. 1999) ...........................................................12

*United States v. Mannino,* 212 F.3d 835, 840 n. 4 (3d Cir. 2000)........................................9, 10

*United States v. Martino*, 827 F. App'x 218 (3d Cir. 2020)........................................5, 9, 10, 11

*United States v. Voelke*r, 489 F.3d 139, 144 (3d Cir. 2007).....................................................12

*Wainwright v. Sykes,* 433 U.S. 72, 93 (1977) ...........................................................................8

**Statutes**

18 U.S.C. § 3553(a)...........................................................................................................4, 8, 9

28 U.S.C. § 2253(c)(2) .........................................................................................................13

28 U.S.C. § 2255 ........................................................................................................... passim

## I.      PRELIMINARY STATEMENT

*Pro se* Petitioner Nicholas Kyle Martino ("Petitioner" or "Martino") moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence on three grounds.  Civ. No. 21-37, filed on January 4, 2021, ECF No. 1 (hereinafter "Pet. at ____").  Petitioner first claims that his initial defense counsel was ineffective at sentencing because counsel failed to object to allegations contained in the amended addendum to the Pre-Sentence Report, which was prepared for the purpose of addressing Petitioner's multiple violations of probation (hereinafter "the VOP-PSR") and incorporated the Second Amended Petition for Warrant or Summons for Offender Under Supervision[1] filed on July 27, 2018. *See* ECF Crim No. 17-240, No. 22.  Petitioner next claims that the same defense counsel was ineffective for not incorporating each argument that Petitioner wished to be argued in appealing the specific conditions restricting his computer use imposed by this Court.  Although Petitioner's counsel did, in fact, make those arguments to the Third Circuit in his direct appeal, and although that court affirmed this Court's ruling, Petitioner's third claim asks this Court to review, again, the terms of his restricted computer access.

Petitioner's first claim fails because a review of the sentencing transcript as well as sentencing materials submitted by Petitioner's counsel show that counsel made reasonable and proper arguments and this Court's sentencing decision was based on Petitioner's plethora of well-documented misconduct and a thorough evaluation of the factors listed in 18 U.S.C. § 3553(a).  Petitioner's second and third claims fail because they are meritless on their face.  In his second claim, Petitioner complains that appellate counsel failed to prosecute "more cognizable claims that had a higher chance of succeeding on appeal," Pet. at 6, yet fails to articulate a single purportedly successful claim.  Petitioner's third claim lacks merit because the claim was already argued, and lost, on appeal.  Apparently believing this is "the

---

[1] This petition is commonly referred to as a "12C."

cognizable claim that had a higher chance of succeeding on appeal," Petitioner argues that the restrictions imposed on computer use were unconstitutional.  Unfortunately for Petitioner, the appellate court disagreed, and thus, his last claim here is meritless.  For these reasons, Petitioner's motion fails and should be denied.

## II.     STATEMENT OF FACTS

As set forth more fully in the VOP-PSR as well as the detailed factual recitation contained within the appeal opinion, *United States v. Martino*, 827 F. App'x 218 (3d Cir. 2020), Petitioner entered a guilty plea to two separate C-grade violations that resulted from his conduct while serving a term of probation.  *See* ECF Crim No. 17-240, No. 40 (*Plea Agreement as to Probation Violations)*.  On November 26, 2019, this Court revoked Petitioner's probation on the four separate counts for which he was originally sentenced to probation, and re-sentenced Petitioner to a term of 36 months' incarceration on all four underlying counts as well as 2 years of supervised release with special conditions, and ordered Petitioner to pay $5,915.95 restitution. *See* ECF Crim No. 17-240, No. 66.  Over the next six days, Petitioner's counsel filed a notice of appeal, ECF Crim No. 17-240, No. 68, and a motion to stay sentence pending appeal, ECF Crim No. 17-240, No. 69.  On September 15, 2020, the Third Circuit affirmed this Court's decision.

On or about January 4, 2021, Petitioner filed a section 2255 petition.  As set forth below, the petition fails because Petitioner's defense counsel was not ineffective, and Petitioner cannot succeed because his underlying claims are meritless.

## III.     LEGAL ARGUMENT

### A.     Counsel Was Not Ineffective At VOP Sentencing

Petitioner first claims that counsel rendered ineffective assistance by failing to submit Petitioner's itemized list of objections to the draft VOP-PSR to the United States Probation Office,

thereby allowing various unspecified inaccuracies to remain in the final version of the VOP-PSR, and allowing the Court to rely upon them in imposing sentence. Pet. At 3-6. Because Petitioner has not bothered to specify what, in particular, about the draft VOP-PSR was inaccurate, let alone how the alleged inaccuracies affected this Court's sentencing decision to Petitioner's detriment, his claim must fail.

The United States Supreme Court determined in *Strickland v. Washington* that to prevail on an ineffective assistance of counsel claim, the Petitioner must satisfy a stringent two-part test by demonstrating that: (1) defense counsel's performance was deficient, and (2) that the deficiency actually prejudiced the Petitioner. 466 U.S. 668, 687 (1984). Defense counsel's performance is deficient if the errors made were so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.*

To minimize the possible distortions of hindsight, the Court must indulge a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *United States v. Gray*, 878 F.2d 702, 710 (3d Cir. 1989). *See Michael v. Louisiana*, 350 U.S. 91, 101 (1951) (holding that the Petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound strategy). Thus, in assessing whether the assistance was reasonable, the Court must be "highly deferential" and not "second-guess counsel's assistance after conviction." *Strickland*, 466 U.S. at 689; *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996). The Court should only find that counsel was ineffective when there are fundamental deficiencies in representation and prejudice as a result.

With regard to the second prong, in the sentencing context, a Petitioner has been prejudiced only if counsel's errors were so serious that they deprived the Petitioner of a fair, reliable sentencing hearing. *Strickland*, 466 U.S. at 687. Stated differently, the Petitioner must show with reasonable probability

6

that, but for the defective counsel, the result of the sentencing would have been different.  *Id.* at 694.  A "reasonable probability" is more than a theoretical possibility, *Frey v. Fulcomer*, 974 F.2d 348, 358 (3d Cir. 1992); it is "a probability sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 694.

The Supreme Court has stated that "*Strickland's* standard . . . is highly demanding."  *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).  "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.  Virtually every act or omission of counsel would meet that test . . . and not every error that conceivably could have influenced the outcome undermines the reliability" of that outcome.  *Strickland*, 466 U.S. at 693 (citation omitted).  Rather, the Petitioner must "affirmatively prove prejudice."  *Id*. at 693.  "Totally speculative" arguments regarding prejudice are insufficient, as they do not show "a probability sufficient to undermine confidence in the outcome."  *Baker v. Barbo*, 177 F.3d 149, 154 (3d Cir. 1999).  Not only is there a strong presumption that counsel rendered adequate assistance, *Strickland*, 466 U.S. at 690, but "[i]f it is easier to dispose of [the] ineffectiveness claim on the ground of lack of sufficient prejudice, . . . [then] that course should be followed."  *Id*. at 697.

The Supreme Court has also made it clear "that the authority to make decisions regarding the conduct of the defense in a criminal case is split between criminal defendants and their attorneys." *Gov't of the Virgin Islands v. Weatherwax,* 77 F.3d 1425, 1433 (3d Cir.1996) (citing *Jones v. Barnes,* 463 U.S. 745, 751 (1983)).  The authority to make certain fundamental decisions regarding the case rests with the accused, such as "whether to plead guilty, to waive the right to trial by jury, to testify in one's own behalf, to take an appeal, or to waive the right to counsel."  *Id.*  However, non-fundamental issues of a criminal trial, such as tactical choices about trial strategy, are reserved for counsel's judgment. *See Strickland,* 466 U.S. at 689; *see also Wainwright v. Sykes,* 433 U.S. 72, 93 (1977) (Burger, C.J.,

concurring) ("[Counsel], not the client, has the immediate and ultimate responsibility of deciding if and when to object, which witnesses, if any, to call, and what defenses to develop.").

Here, the Court may dispose of Petitioner's first claim of ineffectiveness under either prong of *Strickland* because it is clear from the sentencing transcript as well as the submissions to the Court that Petitioner's counsel made proper arguments. This Court took into consideration factors listed in 18 U.S.C. § 3553(a) in great detail. *See* Exhibit A, *Transcript of Sentencing Hearing*, Crim No. 17-240 at pp. 49-62. Over the course of thirteen transcript pages, this Court reviewed multiple arguments of the Petitioner, the counterarguments of the Government, and was so attentive to detail as to review and cite to Petitioner's original sentencing transcript before Senior Judge Robert A. Junell, *see id.* at pp. 57-58. Petitioner fails to articulate how, on this record, the Court could have been prejudiced in its opinion given the ample evidence of Petitioner's violations. Petitioner does not point to an actual fact that was considered by the Court that was erroneous. Instead, Petitioner merely states that this Court relied on "many of these factual errors in justifying its sentence []." Pet. at 5. Whether or not to call attention to what Petitioner believes may have been factual errors, as opposed to disputed interpretations of Petitioner's conduct, is a tactical decision that rests with the attorney. Accordingly, Petitioner's claim fails the first prong of *Strickland*.

Assuming *arguendo* that Petitioner can prove his attorney's actions were deficient enough to meet the first prong of *Strickland*, Petitioner cannot succeed under the second prong. Petitioner has not demonstrated that the result of his sentencing proceedings would have been different had counsel challenged certain unidentified facts. Additionally, in its opinion, the Third Circuit upheld this Court's reasoning and use of the § 3553(a) factors in determining Petitioner's sentence. Specifically, that court confirmed that, "to revoke probation and resentence requires consideration of only the § 3553(a) factors," *Martino*, 827 F. App'x at 221, and stated, "the District Court considered the applicable

8

§ 3553(a) factors.  It considered Policy Statement ranges for the probation violations as well as the Guidelines Ranges for [Petitioner's] original sentence and the other applicable § 3553(a) factors," *id*. at 222.  This Court's decision was grounded in detailed reasoning and a thorough discussion of Petitioner's conduct.  Petitioner thus cannot successfully meet the second prong of *Strickland*.

### B. Counsel Was Not Ineffective On Appeal and Petitioner's Claim Regarding His Computer-Use Restrictions Is Meritless

The two-prong standard of *Strickland* applies to Petitioner's claim that his appellate counsel was ineffective.  *Smith v. Robbins,* 528 U.S. 259, 285 (2000); *Smith v. Murray,* 477 U.S. 527, 535–36 (1986); *United States v. Mannino,* 212 F.3d 835, 840 n. 4 (3d Cir. 2000) (citations omitted).  First, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 688.  Second, he must show that there is "a reasonable probability"—"a probability sufficient to undermine confidence in the outcome," but less than a preponderance of the evidence—that his appeal would have prevailed had counsel's performance satisfied constitutional requirements.  *Id.* at 694–95.  *See also United States v. Cross*, 308 F.3d 308, 315 (3d Cir. 2002).

As stated above, the *Strickland* test applies with equal force to the evaluation of appellate counsel.  *Mannino,* 212 F.3d at 840 n. 4.  To show that appellate counsel was deficient, Petitioner must do more than show that counsel failed to raise every non-frivolous issue, for an appellate counsel is under no obligation to raise all issues, but may pick and choose so as to maximize the chances of a successful appeal.  *Smith v. Robbins,* 528 U.S. 259, 288 (2000).  "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome."  *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir.1986), quoted in *Smith,* 528 U.S. at 268.

Petitioner makes no showing or allegation that the claims raised in his § 2255 motion are any stronger than those that were raised on his unsuccessful appeal.  Petitioner appears to fault appellate counsel for failing to argue that two conditions of supervised release imposed by this court at the VOP

9

sentencing violated 18 U.S.C. § 3583(d)(2) (directing that any condition of supervised release involve no greater deprivation of liberty than is reasonably necessary to achieve the purposes of sentencing) and his constitutional rights.  Specifically, petitioner faults appellate counsel for failing to argue that this Court's condition that Petitioner stay away from the victim violated his first amendment right to freely associate (Pet. at 10), and for failing to argue that the condition of supervised release forbidding Petitioner from using the internet for up to two years violated his Due Process rights.  Appellate counsel cannot be ineffective for failing to raise these meritless claims.[2]

Petitioner claims that the computer-use restrictions issued against him are overbroad in violation of the Due Process Clause of the United States Constitution, and are not specifically tailored, thus violating 18 U.S.C. § 3583(d)(2).  Petitioner mistakenly relies on *United States v. Holena*, 906 F.3d 288, 292 (3d Cir. 2018) and fails to grasp the clear distinctions between the facts of that case and his own.

In *Holena*, the defendant was convicted of using the internet to solicit sex from a minor and was issued a lifetime ban on use of the internet and any electronic device.  *Id.*  An internet ban can be upheld even if considered draconian and, in reviewing such a ban, a court considers three factors: (1) the restriction's length, (2) the restriction's coverage, and (3) the defendant's underlying conduct.  *Holena*, 906 F.3d at 292 (3d Cir. 2018).  For the first factor, the *Holena* court determined that a lifetime restriction on computer use for Holena was excessive, though the court made clear that it was not foreclosing on the possibility that a lifetime ban could be justified in a different situation.  *Id*. at 292.  For the second factor, the *Holena* court determined that the prohibition on using a computer "or

---

[2] As an initial matter, counsel did challenge the special condition of release forbidding Petitioner from using the internet for two years.  He simply did so under an alternate legal theory to the one Petitioner now advances, claiming that it represented an abuse of discretion.  The Third Circuit rejected this argument as meritless.  *Martino*, 827 F. App'x at 222.  To the extent Petitioner seeks merely to rehash this argument, his claim must fail.  *See United States v. Williams*, 166 F. Supp. 2d 286, 305 (E.D. Pa. 2001) (finding that defendant's § 2255 motion cannot succeed where he made similar claims on appeal and lost).

other electronic communication devices" was overly broad.  Specifically, the restriction in *Holena*
applied to devices that were not even connected to the internet, but merely electronic, such as computers
without internet access and telephones.  *Id.*  The court criticized the District Court's failure to provide
more specific guidance in the record to the probation office and directed the District Court to review this
issue on remand.  For the third factor, the *Holena* court determined that the defendant's conduct,
including multiple violations of supervised release, warranted special conditions limiting his internet
use.  However, the court determined that the restrictions limited his internet use had to be tailored to his
specific conduct, where the defendant used the internet to solicit sex from a minor.  *Id.* at 293.

Petitioner's case is markedly different from that addressed in *Holena*.  With regards to the first
factor, Petitioner's ban is not a lifetime ban.  The District Court imposed the ban for no more than the
term of Petitioner's supervised release, *i.e.*, two years.  *See Martino*, 827 F. App'x at 222.  Second,
Petitioner is not banned from using any electronic communication device.  Unlike in *Holena*,
Petitioner's restriction applies to internet access only.  For the third factor, this Court should consider
Petitioner's specific conduct; in contrast to the defendant in *Holena*, Petitioner used all manner of
internet databases and resources to threaten people, locate and file false claims of emergencies, and to
harass individuals.  Moreover, Petitioner demonstrated sophisticated deception when he repeatedly
violated the terms of his probation and was able to circumvent monitoring software installed to ensure
compliance with less burdensome restrictions.  *See* Exhibit A, *Transcript of Sentencing*, Crim No. 17-
240, p. 67.  Given the short term and narrow tailoring of the internet ban, and Petitioner's sophistication
in proving able to evade lesser restrictions, Petitioner's case is easily distinguishable from *Holena*.

Nor can counsel be faulted for failing to challenge this Court's condition ordering that he have
no contact with the victims.  "[O]nly a 'condition with no basis in the record, or with only the most
tenuous basis, will inevitably violate § 3583(d)(2)'s command that such conditions involve no greater

deprivation of liberty than is reasonably necessary.'" *United States v. Heckman*, 592 F.3d 400, 405 (3d Cir. 2010), quoting *United States v. Voelker*, 489 F.3d 139, 144 (3d Cir. 2007).  The district court must set forth factual findings to justify the special conditions, *Voelker*, 489 F.3d at 144, and is required to "state the reasons in open court for imposing a particular special condition" so that the appellate court is not left to speculate about the reasons, *United States v. Loy*, 191 F.3d 360, 371 (3d Cir. 1999) (citations omitted).  But the appellate court may nonetheless affirm a special condition if it can ascertain any viable basis for the restriction in the record before the district court.  *Voelker*, 489 F.3d at 144.

Any challenge to this Court's stay-away condition would have been doomed to failure.  This Court made a detailed record showing Petitioner's consistent efforts to reach out to the victim, identified as S.A., in violation of the terms of his probation.  *See* Exhibit A, *Transcript of Sentencing Hearing*, Crim No. 17-240 at pp. 49-68.  The record is replete with reasons for the stay-away condition and Petitioner's unceasing violations of that condition.  *Id.* at pp. 49-68.  This Court reviewed reports documenting the nascent and disturbing stages of Petitioner's relationship to S.A.  *Id.* at p. 56.  This Court noted that Petitioner's violations with respect to S.A. included lying about his contacts with S.A. and causing significant harm to community resources and government functions.  *Id.* at p. 58.  Among many facts recited throughout the record, this Court noted "[S.A.] has…apparently a mental health problem, and so does [Petitioner] and it's for that very reason that communication between the two is not helpful, healthy, or apparently normal between the two of them.  It is the precise reason why it is prohibited."  *Id.* at p. 59.[3]  Moreover, this Court noted that Petitioner had been warned repeatedly not to have contact with S.A., but continued to contact S.A., *see id.* at pp. 58-59, even while he was

---

[3] These communications include, *inter alia*, an occasion where Petitioner called S.A. one hundred-twenty (120) times in a short period of time.  *See* The VOP-PSR, ECF Crim No. 17-240, No. 22; s*ee also* Exhibit A, *Transcript of Sentencing Hearing*, Crim No. 17-240.

incarcerated. *Id.* at p. 73.  This Court observed that, taken as a whole, Petitioner engaged in a continuing course of deceptive, manipulative, and dangerous conduct that affected the community and S.A.  *Id.*

### C.    A Certificate of Appealability Should Not Be Issued In This Case

After ruling on a § 2255 petition, this Court must decide whether to grant a certificate of appealability to the Third Circuit.  In order to obtain a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To satisfy that standard, a petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).  Here, because Martino's Petition failed to demonstrate that his counsel was ineffective, there is no prejudice, and the Court should deny a certificate of appealability.

## IV.    CONCLUSION

Petitioner's motion plainly lacks merit.  Petitioner has failed to establish ineffectiveness and prejudice based on his counsel's representation.  His claims are unsubstantiated and meritless.  For the foregoing reasons, the Court should deny Petitioner's motion to vacate his sentence.  The Court should also deny a certificate of appealability.

Respectfully submitted,

RACHAEL A. HONIG
Acting United States Attorney

By:    Alisa Shver
Assistant U.S. Attorney

Camden, New Jersey
June 21, 2021

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this day I caused to be served a copy of the United States' Response in Opposition to Nicholas Kyle Martino's Petition Under 28 U.S.C. § 2255 via first class mail, return receipt requested, on:

Nicholas Kyle Martino
106 Hurffville-Grenloch Road
Apartment B
Sewell, New Jersey 08080

_____
Alisa Shver
Assistant U.S. Attorney


Dated: June 21, 2021
Camden, New Jersey

14