```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
_____
                                    :
NICHOLAS KYLE MARTINO,              :
                                    :
          Petitioner,               :   Civ. No. 21-0037 (NLH)
                                    :
     v.                             :   OPINION
                                    :
UNITED STATES OF AMERICA,           :
                                    :
          Respondent.               :
_____:
```

APPEARANCES:

Nicholas Kyle Martino
106 B Hurffville-Grenloch Road
Sewell, NJ 08080

    Petitioner Pro se

Philip R. Sellinger, United States Attorney
Alisa Shver, Assistant United States Attorney
Office of the U.S. Attorney
401 Market Street
4th Floor
Camden, NJ 08102

    Counsel for Respondent

HILLMAN, District Judge

    Petitioner Nicholas Martino moves for the appointment of standby counsel under 18 U.S.C. § 3006A and discovery under Rule 6 of the Rules Governing Section 2255 Cases. ECF No. 20. The United States did not file any objection to the motion. For the reasons that follow, the motion for counsel will be denied. The motion for discovery shall be granted in part.

I.  BACKGROUND

Petitioner filed a motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255 on January 4, 2021. ECF No. 1.  The Court administratively terminated the motion as it was not on the Clerk's form for § 2255 proceedings.  ECF No. 2; Local Civ. R. 81.2(a).  Petitioner submitted a response refusing to complete the Clerk's form.  ECF No. 4.  The Court thereafter issued a notice and order under United States v. Miller, 197 F.3d 644 (3d Cir. 1999), ECF No. 5, and Petitioner responded that he wanted his pleading to be ruled on as filed, ECF No. 6.

The Court screened the motion under Habeas Rule 4 and concluded that an answer from the United States was warranted. ECF No. 8.  Petitioner filed a motion for reconsideration of that order to the extent it denied him discovery and the appointment of counsel.  ECF No. 9.  The Court denied that motion on April 23, 2021.  ECF No. 17.  Petitioner thereafter filed a second motion for counsel and for discovery.  ECF No. 20.  The United States filed its answer on June 21, 2021.  ECF No. 24.[1]

---

[1] The United States' answer does not comply with the Court's order to answer, which directed that "the answer shall contain an index of exhibits" and "that if the answer refers to briefs or transcripts, orders, and other documents from prior proceedings, then the United States shall serve and file them with the answer."  ECF No. 8 at 3.  The answer does not contain

II.  DISCUSSION

A.  <u>Discovery</u>

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."  <u>Bracy v. Gramley</u>, 520 U.S. 899, 904 (1997).  "[T]he scope and extent of such discovery is a matter confided to the discretion of the District Court."  <u>Id.</u> at 909.  The Court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."  28 U.S.C. § 2255 Rule 6(a).  "A party requesting discovery must provide reasons for the request.  The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents."  28 U.S.C. § 2255 Rule 6(b).

Petitioner requests:

1. Any and all correspondence that [trial counsel Robert] Wolf has retained or is able to retrieve, via phone call logs, SMS logs, e-mail logs, letter correspondence, secretarial messages, notes, or by whatever avenue available to him: a) between Petitioner and Mr. Wolf that relates to the prosecution of Petitioner's § 2255 claims; and b) between Petitioner's mother, or any other family member, and Mr. Wolf that relates to the prosecution of Petitioner's §2255 claims;

---

an appendix containing the relevant documents and will be ordered to file a conforming appendix with 14 days of this Order.  Respondent may request to file confidential documents, such as the presentence report, under seal.

3

    2. Any and all correspondence retained by the Federal Bureau of Prisons by way of CorrLinks monitored e-mail or recorded TRUFONE telephonic communications between Petitioner and Mr. Wolf;

    3. Any attorney visitation logs retained by the Federal Bureau of Prisons, specifically FDC Philadelphia, that show Mr. Wolf as visiting Petitioner on any given dates;

    4. Any attorney visitation logs retained by the United States Marshals Service or the Court that show Mr. Wolf as visiting Petitioner inside the Courthouse on any given dates;

    5. a copy of an undated letter that Petitioner handed to Mr. Wolf in about October 2019 that detailed the objections Petitioner directed Mr. Wolf to make regarding the PSR;

    6. any and all truthful, unobstructed information or documentation that any involved party is able to readily produce or obtain that relates to the prosecution of Petitioner's § 2255 claims;

    7. and production of Court transcripts for the hearing dated August 12, 2019.

ECF No. 20 at 3-4.

    The Court will grant Petitioner's request for the production of his communications with trial counsel, Items 1 and 5. "It is well settled that when a habeas petitioner raises a claim of ineffective assistance of counsel, courts find a corresponding waiver of attorney-client privilege with respect to former counsel on matters necessary to decide the claim." United States v. Straker, 258 F. Supp. 3d 151, 153-54 (D.D.C. 2017). "This limited waiver is exceedingly narrow and permits

4

disclosure only of communications to the extent 'necessary to prove or disprove his claim.'  That is, the waiver extends only to communications relevant to the claims asserted in the Section 2255 motion." United States v. Rice, No. 1:14-CR-119, 2020 WL 4015354, at *2 (M.D. Pa. July 16, 2020) (quoting United States v. Pinson, 584 F.3d 972, 978 (10th Cir. 2009)).

Petitioner's § 2255 motion asserts trial counsel was ineffective during sentencing and his direct appeal. Accordingly, Petitioner has waived "any claim to attorney-client privilege regarding information or any type of documentation that is relevant to the disposition" of these claims.  ECF No. 1.  The Court concludes there is good cause to require trial counsel to produce the requested documents to Petitioner.

"On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C)(i). Petitioner's Item 2 request asks for monitored e-mail or recorded telephonic communications from the Federal Bureau of Prisons ("BOP") for the purpose of "assist[ing] in proving that Counsel was deficient in prosecuting Petitioner's appellate

5

claims and that Petitioner did in-fact raise these claims to Counsel prior to the appeal being filed." ECF No. 20 at 4.

Petitioner has already requested trial counsel produce copies of all "correspondence, secretarial messages, notes, or by whatever avenue available to him" that relate to his § 2255 claims.  This would include emails sent from trial counsel to Petitioner via the BOP's email system; it would be duplicative and burdensome to direct the BOP to produce communications between Petitioner and trial counsel that may be obtained directly from trial counsel.  Similarly, Petitioner's request for recorded conversations will be denied because there is a less burdensome alternative available as Petitioner and trial counsel may submit sworn statements regarding the contents of any conversation between them.

Items 3 and 4 request visitation logs from the Court, United States Marshals Service, and BOP to "prove that Counsel visited Petitioner in FDC Philadelphia and the Courthouse on the dates provided in the Petition." ECF No. 20 at 4.  This request will be denied because the dates of trial counsel's visits can be obtained from a more convenient source, namely trial counsel. The Court will not order federal entities to expend limited time and resources searching for these records and redacting confidential information unrelated to Petitioner's § 2255 proceedings to produce information with limited probative value

6

since the dates of trial counsel's meetings with Petitioner do little to aid in the Court's decision.

Item 6, requesting "any and all truthful, unobstructed information or documentation that any involved party is able to readily produce or obtain that relates to the prosecution of Petitioner's § 2255 claims" will also be denied. The Rules Governing § 2255 Proceedings do not permit fishing expeditions and require a party requesting discovery to "specify any requested documents." 28 U.S.C. § 2255 Rule 6(b). This request is overbroad, potentially including documents that are not subject to discovery under the Federal Criminal or Civil Rules, and too vague to enforce.

Finally, Petitioner requests production of Court transcripts for the status conference held on August 12, 2019. Petitioner asserts the transcript will "prove that Counsel wrongly believed the idea that Petitioner was not subject to an upward variance of his sentence due to relevant conduct, and that Counsel proceeded to sentencing under this false assumption." ECF No. 20 at 4. The sentencing memorandum and transcript of sentencing are better indicia of trial counsel's performance on November 26, 2019 than a transcript of a status conference that took place three months before sentencing. Therefore, the Court will deny this request.

B.   <u>Counsel</u>

Petitioner also requests the appointment of standby counsel.  There is no right to counsel in post-conviction proceedings.  <u>See</u> <u>Reese v. Fulcomer</u>, 946 F.2d 247, 263 (3d Cir. 1991), <u>superseded on other grounds by statute</u>, 28 U.S.C. § 2254.  However, 18 U.S.C. § 3006A(a)(2)(B) provides that the Court has discretion to appoint counsel for financially eligible petitioners where "the court determines that the interests of justice so require ...."  <u>See</u> <u>also</u> 28 U.S.C. § 2255 Rule 6(a) ("If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C.A. § 3006A.").  The Third Circuit explained that a court "must first decide if petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court.  Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims."  <u>Reese</u>, 946 F.2d at 263-64.  As Petitioner was represented by CJA counsel in the original proceedings, the Court presumes he is financially eligible under the statute.

The Court concludes the interests of justice do not require appointment of counsel at this time.  Petitioner asserts that counsel is necessary "to assist in collecting discovery, typing

8

and preparing motions, and for legal research due the Petitioner's court-ordered Internet ban." ECF No. 20 at 1. Petitioner is not incarcerated and has shown himself to be capable of typing and preparing motions, such as this one, on his own.  Petitioner's filings with this Court cite to applicable case law and rules, showing that his ability to conduct legal research is not completely impeded by the internet restrictions.  The Court is also exercising its authority under the All Writs Act to require counsel to produce the discovery materials directly to Petitioner, removing the need for standby counsel to help him collect the materials.  Accordingly, the Court will deny the request for counsel, reserving the right to reconsider this decision in the event an evidentiary hearing is necessary.  See 28 U.S.C. § 2255 Rule 8(c).

III. CONCLUSION

For the foregoing reasons, Petitioner's motion for counsel will be denied.  The motion for discovery will be granted in part, and the Court will order trial counsel to produce the documents requested in Items 1 and 5 to Petitioner.  See 28 U.S.C. § 1651.  The United States will be responsible for providing this Order to counsel.

An appropriate order will be entered.

Dated: February 9, 2022           s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.